UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CR-00144-1-F
No. 5:12-CV-00249-F

| | |
|---|---|
| ANDREW LONNIE SCOTT,<br>  Petitioner, | )<br>)<br>) |
| v. | )  **O R D E R** |
| | ) |
| UNITED STATES OF AMERICA,<br>  Respondent. | )<br>)<br>) |

This matter is before the court on the Government's Withdrawal [DE-47] of its Motion to Dismiss [DE-41] Andrew Lonnie Scott's pending Motion to Vacate, Set Aside or Correct his conviction and sentence [DE-39], pursuant to 28 U.S.C. § 2255. Scott, through counsel, contends that he is not guilty of having been a felon in possession of a firearm under 18 U.S.C. § 922(g), in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (*en banc*). Scott entered a plea of guilty to that offense pursuant to a plea agreement [DE-18] on July 8, 2008, *see* [DE-17], and was sentenced on November 13, 2008, to a term of 96 months imprisonment, to be served consecutively to any other previously imposed state or federal sentence. *See* Judgment [DE-25].

In response to Scott's § 2255 motion, the Government initially sought dismissal on grounds that his petition was procedurally barred, the motion was untimely under any subdivision of § 2255(f), that equitable tolling does not excuse the untimeliness of the motion, and that Scott's claims are barred by the waiver contained in his plea agreement. *See* Motion [DE-41]. However, in its Motion to Withdraw its Motion to Dismiss, the Government deliberately waives the statute of limitations defense in this case, and apparently does not seek to enforce the plea agreement waiver. The Government acknowledges that Scott "has a valid

claim that he was erroneously convicted of being a felon-in-possession of a firearm." *See* Withdrawal [DE-47], p. 2.

A review of his prior criminal record, in light of the ruling in *Simmons* and the content of the Government's Withdrawal [DE-47], together with the record in this case convinces the court that Scott in fact was and is "actually innocent" of the § 922(c) conviction in this case. Because he was not a "felon" at the time of that alleged conduct under North Carolina law, as properly construed, an element of the § 922(g) offense was lacking.[1]

The court has carefully reviewed Scott's additional grounds for § 2255 relief and concludes that they are moot as well as time-barred. The Government's waiver of the limitations period was confined to the *Simmons* issue.

In summary, the Government's Withdrawal [DE-47], and Scott's § 2255 motion [DE-39] are ALLOWED. The judgment of conviction and sentence, entered on November 13, 2008, [DE-25], hereby is VACATED. Andrew Lonnie Scott is ORDERED to be released from federal custody in this case, subject to any other sentence he now is serving and pending detainers, if any.

SO ORDERED.

This, the 23th day of August, 2012.

JAMES C. FOX
Senior United States District Judge

---

[1] The Presentence Report reveals that prior to the dates alleged in the indictment, Scott had not been convicted of a felony punishable by more than one year's imprisonment. He did collect such a conviction, however, prior to sentencing on this count. *See* Presentence Report ¶ 16.